DIANA RUTOWSKI (STATE BAR NO. 233878)
drutowski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  +1 650 614 7400
Facsimile:    +1 650 614 7401

BETH M. GOLDMAN (STATE BAR NO. 118341)
beth.goldman@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669

ATTORNEYS FOR PLAINTIFFS
CORTO OLIVE, L.P., STANISLAUS FOOD
PRODUCTS COMPANY, INC, and
CORTOPASSI FAMILY TRUST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CORTO OLIVE, L.P., a California Limited Partnership, STANISLAUS FOOD PRODUCTS COMPANY, INC, a California Corporation, and CORTOPASSI FAMILY TRUST, a California trust, composed of Dean Cortopassi, an individual, and Joan Cortopassi, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> GEMSA ENTERPRISES, LLC, a California domestic limited liability company DBA GEMSA OILS, <br><br> Defendant. | Case No.  2:18-cv-06399 <br><br> **COMPLAINT FOR:** <br><br> **(1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114)** <br><br> **(2) TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))** <br><br> **(3) STATE AND COMMON LAW UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT
CASE No.

Plaintiffs Corto Olive, L.P. ("Corto Olive"), Stanislaus Food Products Company, Inc. ("Stanislaus"), and Cortopassi Family Trust, composed of Dean Cortopassi, an individual, and Joan Cortopassi, an individual ("Cortopassi") (individually and collectively, "Plaintiff") bring this action against Defendant Gemsa Enterprises, LLC DBA GEMSA Oils ("Gemsa" or "Defendant").  Plaintiff hereby alleges as follows:

### NATURE OF ACTION

1.      This is a civil action seeking relief for Defendant's intentional and willful infringement of Plaintiff's federally registered and incontestable 51-49® trademark and distinctive trade dress.  The Cortopassi family is a California farming family with a multi-generational reputation as producers of high quality food products, including the 51-49 brand of blended oil designed to enhance the flavor of foods.  The Cortopassi family produces and distributes products under the 51-49 brand through its companies, Corto Olive and Stanislaus.  Defendant Gemsa is infringing not only Plaintiff's 51-49 brand but has engaged in egregious copying of Plaintiff's distinctive trade dress, as demonstrated by the image below displaying Plaintiff's product on the left next to the infringing Gemsa product on the right:

**Plaintiff's Product**          **Defendant Gemsa's Product**



- 2 -

The public policy behind trademark law is to protect consumers from confusion related to a product's origin. Defendant Gemsa's flagrant infringement of Plaintiff's 51-49 trademark and trade dress is likely to lead to confusion, mistake or deception among restaurateurs and within the foodservice industry as to the origin, sponsorship, or approval of the product.

## THE PARTIES

1.    Plaintiff Corto Olive, L.P. is a California limited partnership, with an address at 11292 N. Alpine Rd., Stockton, California 95212.

2.    Plaintiff Stanislaus is a California Corporation, with an address at 1202 D Street, Modesto, California 95354.

3.    Plaintiff Cortopassi is a California trust composed of Dean Cortopassi, an individual, and Joan Cortopassi, an individual, with an address at 11292 N. Alpine Rd., Stockton, California 95212.

4.    On information and belief, Defendant Gemsa is a California limited liability company, with an address at 14370 Gannet Street, La Mirada, California 90638.

## JURISDICTION AND VENUE

5.    Plaintiff brings this action under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, California state law, and the common law.

6.    This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, as this is an action arising under the laws of the United States and relating to trademarks. This Court has both original and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367, as those claims are so related to the Lanham Act claims that they form part of the same case or controversy as the federal claims herein.

7.    The Court has personal jurisdiction over Defendant because Defendant is located in California and markets, advertises, and sells its products to residents of

- 3 -

California and this District specifically.

8.    Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is located in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and because Defendant is engaged in interstate commerce, and its activities, including those that form the basis of this complaint, substantially impact interstate commerce.

## FACTUAL BACKGROUND

**A.    Plaintiff's Trademark and Trade Dress**

9.    The Cortopassi family's roots reach back to small hillside farms of Tuscany, Italy.  After emigrating from Italy to the United States, the multi-generational Cortopassi farming family began to grow, harvest and mill premium olive oil right here in California.  The Cortopassi family enjoys a 50-year-long reputation as California producers of high quality food products.  The Cortopassi family and its companies, including Corto Olive and Stanislaus, pride themselves on a culture focused on superior and consistent flavor, and supply reliability.

10.    One of Plaintiff's signature products is the 51-49 brand of blended oil designed to enhance the flavor of chefs' recipes.  Plaintiff sells its 51-49 brand of oil to restaurateurs through foodservice distributors across the United States.

11.    Plaintiff Cortopassi is the owner of the 51-49 trademark for edible oils, including salad oil, olive oil and cooking oil, which it first used in commerce at least as early as January 2010.  Cortopassi owns common law rights in the 51-49 mark as well as an incontestable registration therefor at U.S. Registration No. 4,013,652 in Class 29 (collectively, the "51-49 Mark").

12.    Plaintiff Cortopassi entered into an exclusive license for its 51-49 trademark with Corto Olive, which then assigned rights in the mark to Stanislaus.  Stanislaus contracts with Corto Olive to produce the 51-49 oil product.  Stanislaus then markets, sells, and distributes the product.

13.    At all times relevant to this complaint, Plaintiff has used the 51-49

- 4 -

Mark in connection with promoting and identifying its edible oils.  Plaintiff uses and displays the 51-49 Mark prominently on the packaging for its 51-49 branded oil, and markets its products bearing the 51-49 Mark through many food service industry channels.

14. In addition to featuring its 51-49 Mark, Plaintiff sells its 51-49 oil in packaging that bears a unique and distinctive trade dress consisting of the following elements on the front panel:

- White background with green text;
- A horizontal line near the top, under which is the prominently featured brand name (the 51-49 Mark) occupying nearly the top third of the front panel;
- The brand name (the 51-49 Mark) printed in a serif typeface and with an outline effect, which emphasizes the mark and makes it appear more prominent;
- A horizontal line under the brand name, under which and near the center of the panel is smaller and less prominent text comprising a percentage next to stacked text, a horizontal line, and a second percentage next to stacked text;
- In the lower half of the panel, an image of green olive plant branches with green olives stretching from the lower left side of the box to the center of the box with text "Fresh Olives," and an image of the flowering part of a canola plant on the lower right with text "Canola Plant";
- A circular area for the spout at the lower center with two lines of text centered above it ("Easy-Pour Tap [*Locks-in Freshness*]"), the bottom line italicized.

The elements of Plaintiff's trade dress described in this Paragraph are referred to herein as the "51-49 Front Panel Trade Dress."

- 5 -

COMPLAINT
CASE NO.

15.     Plaintiff's 51-49 Front Panel Trade Dress is shown below:



16.     Plaintiff's unique and distinctive trade dress further consists of the following elements on a side panel:

- The spout of a pitcher emerging from the top right side pouring a vertical stream of oil;
- The oil poured over a salad at the bottom of the panel;
- Images of an olive and canola plant emerging from one of the top corners;
- Text in the top left corner.

The elements of Plaintiff's trade dress described in this Paragraph are referred to herein as the "51-49 Side Panel Trade Dress."

- 6 -

17.    Plaintiff's 51-49 Side Panel Trade Dress is shown below:



18.    Plaintiff's 51-49 Front Panel Trade Dress and 51-49 Side Panel Trade Dress, alone and/or in combination, comprise its "51-49 Trade Dress."

19.    Plaintiff has sold its products in packaging bearing the 51-49 Trade Dress since at least as early as July 2017. Plaintiff markets, promotes, and advertises oil under the 51-49 Trade Dress in and through a variety of venues, including trade magazines, tradeshows, direct mail, and sales and marketing presentations. As a result of the promotional efforts described above, Plaintiff and its 51-49 Trade Dress enjoy extensive goodwill and consumer recognition within the foodservice industry.

20.    The unique 51-49 Trade Dress is inherently distinctive.

21.    The 51-49 Trade Dress is non-functional. The elements that comprise the 51-49 Trade Dress do not contribute to or improve the functionality of the oil or its packaging; nor do they affect the cost or quality of the oil. Plaintiff's exclusive use of the 51-49 Trade Dress does not put Defendant, or any other competitor of Stanislaus, at a non-reputation related disadvantage in the marketplace.

- 7 -

**B.   Defendant Gemsa's Unlawful Activities**

22.   On information and belief, Defendant Gemsa also markets and sells edible oils to restaurateurs through foodservice distributors.

23.   In or around May 2018, Plaintiff became aware that Defendant was using the trademark 51/49 ("51/49 Mark") in connection with a blend of olive and canola oil.  Defendant Gemsa uses the 51/49 Mark prominently on its packaging as a brand as depicted below:

| *Front Panel* | *Side Panel* | *Top Panel* |
|---|---|---|

  

24.   Defendant's 51/49 Mark is not materially different from Plaintiff's 51-49 Mark, and Defendant's use of the 51/49 Mark is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of the product.

25.   In addition to using the 51/49 Mark, Defendant markets and sells its product in packaging that infringes Plaintiff's rights in its 51-49 Trade Dress. Below are images of Plaintiff's packaging next to Defendant Gemsa's infringing packaging:

COMPLAINT
CASE No.

**Plaintiff's Product**                    **Defendant Gemsa's Product**

*Front Panels*

      

*Side Panels*

      

COMPLAINT
CASE NO.

*Top Panels*

 

26.    As shown above, Defendant Gemsa's knock-off packaging consists of the following elements on the front panel:

- White background with green text;

- A horizontal line near the top, under which is the prominently featured brand name (51/49) occupying nearly the top third of the front panel;

- The brand name (51/49) printed in a serif typeface and with an outline effect, which emphasizes the mark and makes it appear more prominent;

- A horizontal line under the brand name, under which and near the center of the panel is smaller and less prominent text comprising a percentage next to stacked text, a horizontal line, and a second percentage next to stacked text that is similar in coloration, placement, and prominence to the 51-49 Trade Dress;

- In the lower half of the panel, an image of green olive plant branches with green olives stretching from the lower left side of the box to the center of the box with text "Green Olive Branches," and an image of the flowering part of a canola plant on the lower right with text "Canola (Repressed) Plant";

COMPLAINT
CASE NO.

- A circular area for the spout at the bottom center with two lines of text centered above it ("Easy-Pour Tap *Keep Fresh*"), the bottom line italicized

(the "Infringing Front Panel Trade Dress").

27. Defendant Gemsa's knock-off packaging further consists of the following elements on the side panel:

- The spout of a pitcher emerging from the right side pouring a vertical stream of oil;
- The oil poured over a salad at the bottom of the panel;
- Images of an olive and canola plant emerging from one of the top corners;
- Text in the top left corner

(the "Infringing Side Panel Trade Dress").

28. Defendant Gemsa's Infringing Front Panel Trade Dress and its Infringing Side Panel Trade Dress, alone and/or in combination, comprise its "Infringing Trade Dress."

29. Defendant's use of the 51/49 Mark and the Infringing Trade Dress is without authorization from Plaintiff. Defendant's use of the 51/49 Mark and Infringing Trade Dress in connection with its oil products infringes Plaintiff's intellectual property rights. Defendant has acknowledged the sale of packaging bearing the 51/49 Mark and the Infringing Trade Dress to multiple customers, however the full extent of Defendant's infringement is not yet known to Plaintiff.

30. In May 2018, Plaintiff sent Defendant a letter demanding that it stop use of the 51/49 Mark. On information and belief, Defendant's copying and continued use of Plaintiff's intellectual property is willful, evidenced by the extent to which Defendant has copied not only the 51-49 Mark but also the detail of Plaintiff's 51-49 Trade Dress.

- 11 -

COMPLAINT
CASE NO.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement under 15 U.S.C. §1114)

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-30 above, as though fully set forth herein.

32. Plaintiff Cortopassi owns an incontestable Federal registration for the 51-49 Mark at U.S. Registration No. 4,013,652 and granted an exclusive license to Corto Olive, which then assigned rights to Stanislaus.

33. By the acts alleged above, Defendant has used in commerce in connection with its goods, a reproduction, copy and/or colorable imitation of Plaintiff's federally registered 51-49 Mark in connection with the offering for sale, distribution and advertising of edible oils in a manner that is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendant's product, in violation of 15 U.S.C. § 1114(1).

34. On information and belief, Defendant's complained-of acts are willful.

35. Defendant will, on information and belief, continue to infringe upon Plaintiff's rights unless and until it is enjoined by this Court.  Plaintiff has been and is likely to continue to be irreparably injured unless Defendant is enjoined.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement and Unfair Competition Under 15 U.S.C. §1125)

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-35 above, as though fully set forth herein.

37. Plaintiff owns a valid and protectable interest in its inherently distinctive 51-49 Trade Dress.

38. Defendant's Infringing Trade Dress is a copy and/or colorable imitation of Plaintiff's 51-49 Trade Dress.  The acts described above, including

- 12 -

Defendant's unauthorized use of the Infringing Trade Dress in connection with its distribution and sale in interstate commerce of an edible oil product, are likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendant's product by Plaintiff.

39.    Defendant's unauthorized use of the Infringing Trade Dress, which is confusingly similar to Plaintiff's 51-49 Trade Dress, in connection with and to identify its edible oils constitutes trade dress infringement and false designation of origin in violation of 15 U.S.C. §1125(a).

40.    On information and belief, Defendant's complained-of acts are willful.

41.    Defendant will, on information and belief, continue to infringe upon Plaintiff's rights unless and until it is enjoined by this Court.  Plaintiff has been and is likely to continue to be irreparably injured unless Defendant is enjoined.  Plaintiff has no adequate remedy at law.

## **THIRD CLAIM FOR RELIEF**

### **(Violation of Cal. Bus. & Prof. Code § 17200, *et. seq*. and Cal. Common Law)**

42.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-41 above, as though fully set forth herein.

43.    The acts described above constitute unfair competition, false designation of origin, trademark and/or trade dress infringement in violation of Cal. Bus. & Prof. Code § 17200 *et seq*. and the common law of the State of California.

44.    On information and belief, Defendant's complained-of acts are willful.

45.    Defendant will, on information and belief, continue to infringe upon Plaintiff's rights unless and until it is enjoined by this Court.  Plaintiff has been and is likely to continue to be irreparably injured unless Defendant is enjoined.  Plaintiff has no adequate remedy at law.

- 13 -

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief and ask the Court to:

A.   Enter judgment in favor of Plaintiff and against Defendant on all claims for relief;

B.   Preliminarily and permanently enjoin Defendant, its officers and directors, employees, agents, representatives, successors and assigns, and all persons or entities acting in concert or in participation with it, from using the 51-49® Mark or any mark confusingly similar thereto.

C.   Preliminarily and permanently enjoin Defendant, its officers and directors, employees, agents, representatives, successors and assigns, and all persons or entities acting in concert or in participation with it, from using the 51-49 Trade Dress or any trade dress that simulates or is confusingly similar thereto;

D.   Direct Defendant to recall from any and all channels of trade or distribution, all products, advertising and promotional material distributed by Defendant which bears or constitutes the infringing mark or trade dress;

E.   Direct Defendant to deliver up for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all merchandise, packaging, advertising or other material in its possession which bears or constitutes the infringing mark or trade dress;

F.   Direct Defendant to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a);

G.   Order an accounting and order Defendant to pay over to Plaintiff:

i.   All monetary gains, profits, and advantages derived by Defendant from the acts complained of herein;

ii.   Punitive and exemplary damages as provided by law and to be determined by the Court after a full hearing on the merits; and

iii.   Plaintiff's costs and disbursements in this action, including

- 14 -

COMPLAINT
CASE NO.

reasonable attorneys' fees and prejudgment and post-judgment interest.

H.     Award Plaintiff any other or further relief that the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated:        July 25, 2018                    DIANA RUTOWSKI
                                               BETH M. GOLDMAN
                                               Orrick, Herrington & Sutcliffe LLP


                                               By:_____
                                                        DIANA RUTOWSKI
                                                   ATTORNEYS FOR PLAINTIFFS
                                                      CORTO OLIVE, L.P.,
                                               STANISLAUS FOOD PRODUCTS
                                                     COMPANY, INC, and
                                               CORTOPASSI FAMILY TRUST

- 15 -