David Halberstadter (CA 107033)
david.halberstadter@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471

Attorneys for Defendant
GEMSA ENTERPRISES, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTO OLIVE, L.P., a California Limited Partnership, STANISLAUS FOOD PRODUCTS COMPANY, INC., a California Corporation, and CORTOPASSI FAMILY TRUST, a California trust, composed of Dean Cortopassi, an individual, and Joan Cortopassi, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>GEMSA ENTERPRISES, LLC, a California domestic limited liability company DBA GEMSA OILS,<br><br>    Defendant. | Case No. 2:18-cv-06399-PSG-KS<br><br>**ANSWER TO COMPLAINT** |

Defendant GEMSA ENTERPRISES, LLC ("Gemsa") hereby responds to the Complaint filed by Plaintiffs CORTO OLIVE, L.P. ("Corto"), STANISLAUS FOOD PRODUCTS COMPANY, INC. ("Stanislaus") and CORTOPASSI FAMILY TRUST ("Trust") (together, "Plaintiffs"), as follows:

**RESPONSE TO ALLEGATIONS RE NATURE OF ACTION**

Referring to the initial paragraph 1, Gemsa admits that the Complaint purports to seek relief for the alleged infringement of a federally registered trademark and for the alleged infringement of trade dress. Gemsa further admits that paragraph 1 contains accurate images of a blended-oil product distributed by Corto and a blended-oil product distributed by Gemsa. Gemsa lacks information and belief sufficient to enable it to respond to the allegations of paragraph 1 relating to the purported history of the Plaintiffs, and on that basis denies those allegations. Except as admitted above, Gemsa denies the remaining allegations of paragraph 1.

**ANSWER TO PARTY ALLEGATIONS**

1. Referring to the second paragraph that is erroneously also numbered 1, Gemsa lacks information and belief sufficient to respond to the allegations of this paragraph, and on that basis denies the allegations of paragraph 1.

2. Referring to paragraph 2, Gemsa lacks information and belief sufficient to enable it to respond to the allegations of this paragraph, and on that basis denies the allegations of paragraph 2.

3. Referring to paragraph 3, Gemsa lacks information and belief sufficient to enable it to respond to the allegations of this paragraph, and on that basis denies the allegations of paragraph 3.

4. Referring to paragraph 4, Gemsa admits the allegations thereof.

**ANSWER TO JURISDICTION AND VENUE ALLEGATIONS**

5. Referring to paragraph 5, Gemsa admits that Plaintiffs purport to state claims for relief under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, California state law, and the common law.

6. Referring to paragraph 6, Gemsa admits that this Court has subject matter jurisdiction over Plaintiffs' claims for relief, by virtue of both original and supplemental jurisdiction. Except as so expressly admitted, Gemsa denies the remaining allegations of paragraph 6.

7. Referring to paragraph 7, Gemsa admits that it is subject to personal jurisdiction in this Court.

8. Referring to paragraph 8, Gemsa admits that venue is proper in this District.

## ANSWER TO FACTUAL BACKGROUND ALLEGATIONS

9. Referring to paragraph 9, Gemsa lacks information and belief sufficient to enable it to respond to the allegations of this paragraph, and on that basis denies the allegations of paragraph 9.

10. Referring to paragraph 10, Gemsa admits that Corto sells a blended oil product. Except as so expressly admitted, Gemsa lacks information and belief sufficient to enable it to respond to the remaining allegations of this paragraph, and on that basis denies the remaining allegations of paragraph 10.

11. Referring to paragraph 11, Gemsa lacks information and belief sufficient to enable it to respond to the allegations of this paragraph, and on that basis denies the allegations of paragraph 11.

12. Referring to paragraph 12, Gemsa lacks information and belief sufficient to enable it to respond to the allegations of this paragraph, and on that basis denies the allegations of paragraph 12.

13. Referring to paragraph 13, Gemsa lacks information and belief sufficient to enable it to respond to the allegations of this paragraph, and on that basis denies the allegations of paragraph 13.

14. Referring to paragraph 14, Gemsa denies the allegations thereof and affirmatively alleges that the packaging for Corto's blended oil product is the best evidence of its contents.

15. Referring to paragraph 15, Gemsa admits that this paragraph contains an accurate image of a blended-oil product distributed by Corto.

16. Referring to paragraph 16, Gemsa denies the allegations thereof and affirmatively alleges that the packaging for Corto's blended oil product is the best evidence of its contents.

17. Referring to paragraph 17, Gemsa admits that this paragraph contains an accurate image of a blended-oil product distributed by Corto.

18. Referring to paragraph 18, denies the allegations thereof.

19. Referring to paragraph 19, Gemsa lacks information and belief sufficient to enable it to respond to the allegations of this paragraph, and on that basis denies the allegations of paragraph 13.

20. Referring to paragraph 20, Gemsa denies the allegations thereof.

21. Referring to paragraph 21, Gemsa lacks information and belief sufficient to enable it to respond to the allegations of this paragraph, and on that basis denies the allegations of paragraph 21.

22. Referring to paragraph 22, Gemsa admits that it markets and sells edible oils to restauranteurs and others, and affirmatively alleges that it has done so since 1993. Gemsa further affirmatively alleges that it has been selling a blended oil comprising 51% extra virgin olive oil and 49% canola oil since 2005.

23. Referring to paragraph 23, Gemsa admits that this paragraph contains accurate images of a blended-oil product distributed by Gemsa. Except as so expressly admitted, Gemsa lacks information and belief sufficient to enable it to respond to the remaining allegations of this paragraph, and on that basis denies the remaining allegations of paragraph 23.

24. Referring to paragraph 24, Gemsa denies the allegations thereof.

25. Referring to paragraph 25, Gemsa admits that this paragraph contains accurate images of a blended-oil product distributed by Corto and a blended-oil

product distributed by Gemsa. Except as so expressly admitted, Gemsa denies the allegations of paragraph 25.

26. Referring to paragraph 26, Gemsa denies the allegations thereof and affirmatively alleges that the packaging for Gemsa's blended oil product is the best evidence of its contents.

27. Referring to paragraph 27, Gemsa denies the allegations thereof and affirmatively alleges that the packaging for Gemsa's blended oil product is the best evidence of its contents.

28. Referring to paragraph 28, Gemsa denies the allegations thereof.

29. Referring to paragraph 29, Gemsa admits that it has neither sought nor obtained permission from any of the Plaintiffs in connection with its blended oil packaging. Gemsa further admits that it sold its blended oil product, with in the packaging displayed in prior paragraphs of the Complaint, to a number of its existing customers, but has ceased doing so. Except as so expressly admitted, Gemsa denies the allegations of paragraph 29.

30. Referring to paragraph 30, Gemsa admits that in or about May 2018, Corto sent a letter to Gemsa in which it made various demands. Except as so expressly admitted, Gemsa denies the allegations of paragraph 30.

## ANSWER TO FIRST CLAIM FOR RELIEF

31. Referring to paragraph 31, Gemsa hereby incorporates by reference the admissions, allegations and denials of paragraphs 1 through 30, inclusive, of this Answer as though fully set forth herein.

32. Referring to paragraph 32, Gemsa denies the allegations thereof.

33. Referring to paragraph 33, Gemsa denies the allegations thereof.

34. Referring to paragraph 34, Gemsa denies the allegations thereof.

35. Referring to paragraph 35, Gemsa denies the allegations thereof, and in particular denies that Plaintiffs have sustained any injury, much less irreparable injury, as a direct or proximate result of any alleged acts or omissions by Gemsa.

## ANSWER TO SECOND CLAIM FOR RELIEF

36. Referring to paragraph 36, Gemsa hereby incorporates by reference the admissions, allegations and denials of paragraphs 1 through 35, inclusive, of this Answer as though fully set forth herein.

37. Referring to paragraph 37, Gemsa denies the allegations thereof.

38. Referring to paragraph 38, Gemsa denies the allegations thereof.

39. Referring to paragraph 39, Gemsa denies the allegations thereof.

40. Referring to paragraph 40, Gemsa denies the allegations thereof.

41. Referring to paragraph 41, Gemsa denies the allegations thereof, and in particular denies that Plaintiffs have sustained any injury, much less irreparable injury, as a direct or proximate result of any alleged acts or omissions by Gemsa.

## ANSWER TO THIRD CLAIM FOR RELIEF

42. Referring to paragraph 42, Gemsa hereby incorporates by reference the admissions, allegations and denials of paragraphs 1 through 41, inclusive, of this Answer as though fully set forth herein.

43. Referring to paragraph 43, Gemsa denies the allegations thereof.

44. Referring to paragraph 44, Gemsa denies the allegations thereof.

45. Referring to paragraph 45, Gemsa denies the allegations thereof, and in particular denies that Plaintiffs have sustained any injury, much less irreparable injury, as a direct or proximate result of any alleged acts or omissions by Gemsa.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

46. Gemsa affirmatively alleges that the Complaint, and each purported claim for relief set forth therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
(Fair Use)

47. Gemsa affirmatively alleges that the purported claims for relief asserted in the Complaint are barred, in whole or in part, by the doctrines of fair use and/or descriptive use.

## THIRD AFFIRMATIVE DEFENSE
(Functionality)

48. Gemsa affirmatively alleges that the purported claims for relief asserted in the Complaint are barred, in whole or in part, on the basis that any marks or purported trade dress at issue are functional.

## FOURTH AFFIRMATIVE DEFENSE
(Lack of Secondary Meaning)

49. Gemsa affirmatively alleges that the purported claims for relief asserted in the Complaint are barred, in whole or in part, on the basis that some or all of the purported trade dress at issue has not acquired secondary meaning.

## PRAYER FOR RELIEF

WHEREFORE, Gemsa prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint, and that the Complaint be dismissed with prejudice;

2. That Plaintiffs be denied any and all requested injunctive relief;

3. That Gemsa be awarded its costs of defense including, to the extent authorized by law, its reasonable attorneys' fees; and

4. For such other, further or different relief as the Court deems just and proper.

Dated: September 12, 2018              KATTEN MUCHIN ROSENMAN LLP


                                       By:     /s/David Halberstadter
                                             Attorneys for Defendant
                                             GEMSA ENTERPRISES, LLC